RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and
the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GRAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VANTAGE POINT AI, LLC,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)**<br><br>**Class Action**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Joseph Gray ("Plaintiff") by his undersigned counsel, for this class action complaint against Vantage Point AI, LLC and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("Vantage Point" or "Defendant"), alleges as follows:

COMPLAINT - 1

## I. INTRODUCTION

1. <u>Nature of Action</u>. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff, individually and as class representatives for all others similarly situated, brings this action against Vantage Point for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Vantage Point engaged in automated telemarketing in violation of the TCPA using pre-recorded messages that were sent to cellular telephones without prior express written consent.

3. Moreover, the Plaintiff also claims that Vantage Point violated the TCPA as it continued to make pre-recorded marketing calls to individuals who had asked to no longer be contacted.

4.  Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff bring this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II. PARTIES

5.  Plaintiff Joseph Gray is a California resident in this District.

6.  Defendant Vantage Point AI, LLC is a Florida limited liability company.

## III. JURISDICTION AND VENUE

7.  <u>Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically, 47 U.S.C. § 227.

8.  <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Vantage Point because a substantial part of the wrongful acts alleged in this Complaint were committed in California.

9.  <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of Section 227(b)(1)(A). 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

COMPLAINT - 4

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote omitted).

## V. FACTUAL ALLEGATIONS

15. Defendant Vantage Point is a "person" as the term is defined by 47 U.S.C. § 153(39).

16. Vantage Point sells stock strategies to consumers.

17. One of Vantage Point's strategies for marketing its services and generating new customers is telemarketing.

18. Vantage Point's telemarketing includes the use of pre-recorded messages to generate new business.

19. Recipients of these calls, including Plaintiff, did not consent to receive such telephone calls.

20. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21. Plaintiff's telephone number, (951)-775-XXXX, is registered to a cellular telephone service.

22. On numerous dates throughout 2020, including in November of 2020, the Plaintiff received a pre-recorded voice call from the Defendant.

23. The Plaintiff received the pre-recorded calls for a number of months.

24. The pre-recorded calls continued despite the Plaintiff asking on numerous occasions that the Defendant stop calling him.

25. The pre-recorded messages advised that the calls were from Vantage Point.

26. The calls solicited the Plaintiff to purchase Vantage Point's stock related software.

27. Other individuals have complained about receiving pre-recorded messages from Vantage Point, including to the Better Business Bureau:

> Harassing phone calls (DAILY). Blocked number. They have a robo caller, "Harold", who leaves the same message (DAILY). A caller named Harold leaves lengthy messages on voicemail - DAILY - which in turn fills my voicemail box up leaving me unable to accept legitimate messages from legitimate people. The call comes from Vantage Point Software number XXX-XXX-XXXX in Land O Lakes, FL.

> Won't stop calling me. This company refuses to stop harassing me with sales calls. This has been going on for many months and I have asked them to stop calling me many times.
>
> For the past several weeks, if not more than a month, I have received multiple sales calls from this organization daily. I do not answer them because I am not interested in their over-priced, by thousands of dollars, product which I cannot afford. I have texted on the company's "Contact Us" website to remove my name from their call list and told them if they did not and if I received any more unwanted calls, that I would report them to the Better Business Bureau for Harassment. That apparently fell on deaf ears as I kept receiving calls, the last of which I received at 2:29 PM today.

*https://www.bbb.org/us/fl/wesley-chapel/profile/computer-software developers/vantagepoint-ai-llc-0653-6058142/complaints*

28. Other individuals have identified the pre-recorded message used on the calls:

> Morning. This is Harold calling from Vantage point a guy with a special invitation. I'm contacting you today because you had recently expressed an interest in wanting to learn more about artificial intelligence trading and this morning at 11 o'clock eastern time. We're actually doing a live webinar. We're we're going to discuss the city waste to tell if the stock market is about to crash the register all you have to do is go to training education dot. Com. The webinar will begin promptly at 11 o'clock eastern time and I look forward to seeing you and the webinar roof on this webinar. What we do is we looked over all of the artificial intelligence forecast and all the sectors of the market. So that you can see how the artificial intelligence has been performing, but most importantly, you're going to be able to see what the artificial intelligence is forecasting or the days and weeks ahead, so head on over to trading education dot. Com at your self, registered and I look forward to seeing you and the webinar...

*https://directory.youmail.com/directory/phone/8134287560*

29. The Plaintiff had never presented his prior express written consent to be contacted by the Defendant.

30. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Vantage Point because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## VI. CLASS ACTION ALLEGATIONS

31. <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Class (the "Class") defined as follows:

> **<u>Pre-Recorded Call Class:</u>** All persons to whom: (a) Vantage Point and/or a third party acting on Vantage Point's behalf made one or more non-emergency telephone calls; (b) to their cellular telephone numbers; (c) using an artificial or prerecorded voice; (d) at any time in the last four years through the date of trial.
>
> **"<u>Stop</u>" Sub-Class:** All persons to whom: (a) Vantage Point and/or a third party acting on Vantage Point's behalf made one or more non-emergency telephone calls; (b) to their cellular telephone numbers; (c) using an artificial or prerecorded voice; (d) after the call recipient had previously requested to no longer be called (e) at any time in the last four years through the date of trial.

32. <u>Numerosity</u>. The Class is so numerous that joinder of all its members is impracticable. On the basis of Vantage Point's *en masse* calling practices, the Class has at least hundreds of members.

33. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a.    Whether Vantage Point used a prerecorded voice:

    b.    Whether Vantage Point called telephone numbers of individuals who had not consented to be called by it;

    c.    Whether Vantage Point honored requests to not be contacted;

    d.    Whether Vantage Point and/or its affiliates or agents, and/or other persons or entities acting on Vantage Point' behalf, knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an artificial or prerecorded voice, thus entitling Plaintiff and the Class to treble damages;

    e.    Whether Vantage Point and/or its affiliates, agents, and/or other persons or entities acting on Vantage Point' behalf should be enjoined from using pre-recorded messages in the future.

34. <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims and those of the Class arise out of the same course of conduct by Vantage Point and are based on the same legal and remedial theories.

35. <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained competent and capable counsel with experience in TCPA and consumer class action litigation.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor her counsel has interests contrary to or conflicting with those of the proposed Class.

36. <u>Predominance</u>. Vantage Point has engaged in a common course of conduct toward Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.  For example, the TCPA's statutory damages obviate the need for mini-trials on actual damages. Adjudication of these common issues in a single action has important and desirable advantages, including judicial economy.

37. <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Vantage Point to comply with the TCPA.  The interest of individual members of the Class in individually controlling the prosecution of separate claims against Vantage Point is small because the damages in an individual action for violation of

the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the calls at issue are all automated and because the TCPA articulates bright-line standards for liability and damages.

38. <u>Injunctive and Declaratory Relief is Appropriate</u>. Vantage Point has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

### VII. FIRST CAUSE OF ACTION
**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) on behalf of the Pre-Recorded Call Class)**

39. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

40. The foregoing acts and omissions of Vantage Point and/or its affiliates or agents, and/or other persons or entities acting on Vantage Point's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency calls to the cellular telephone numbers of Plaintiff and members of the Pre-Recorded Call Class using an artificial or prerecorded voice.

41. As a result of violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by Vantage Point and/or its affiliates or agents and/or other persons or entities acting

on its behalf, Plaintiff and members of the Pre-Recorded Call Class are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiff and members of the Pre-Recorded Call Class are also entitled to and do seek injunctive relief prohibiting Vantage Point, its affiliates and agents, and/or any other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice.

43. As a result of knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by Vantage Point, its affiliates or agents, and/or other persons or entities acting on its behalf, Plaintiff and members of the Pre-Recorded Call Class are entitled to treble damages of up to $1,500 for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of all members of the Class, pray for judgment against Vantage Point as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that actions complained of herein by Vantage Point and/or its affiliates, agents, or related entities violate the TCPA;

E. An order enjoining Vantage Point and its affiliates, agents and related entities from using pre-recorded messages to call cellular telephones, absent emergency circumstances;

F. Leave to amend this Complaint to conform to the evidence presented at trial; and

G. Orders granting such other and further relief as the Court deems necessary, just and proper.

### IX. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 16th day of February, 2023.

By: */s/ Rachel E. Kaufman*
RACHEL E. KAUFMAN
KAUFMAN P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the Proposed Class*